UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D

AUG 1 6 2006

AT LONDON
.    LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-597-GWU

JASON D. FIELDS,                                                    PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative

denial of his applications for Disability Insurance Benefits (DIB) and Supplemental

Security Income (SSI). The appeal is currently before the Court on cross-motions

for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.     Is the claimant currently engaged in substantial gainful activity?
       If yes, the claimant is not disabled. If no, proceed to Step 2.
       See 20 C.F.R. 404.1520(b), 416.920(b).

2.     Does the claimant have any medically determinable physical
       or mental impairment(s)? If yes, proceed to Step 3. If no, the
       claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.     Does the claimant have any severe impairment(s)--i.e., any
       impairment(s) significantly limiting the claimant's physical or
       mental ability to do basic work activities? If yes, proceed to

1

Fields

Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6.    See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled.    If no, proceed to Step 7.    See 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled.    See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.   Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).   This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

Fields

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively

3

Fields

established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

4

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most

5

of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's

6

Fields

physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The administrative law judge (ALJ) found that the plaintiff has a panic disorder with agoraphobia, dysthymia, and borderline intellectual functioning. (Tr. 19). It was determined that the plaintiff was restricted to simple, routine, low stress jobs involving few changes and minimal interaction with the general public. (Tr. 22). Since the vocational expert (VE) was able to identify significant numbers of compatible jobs at the medium and light levels, the claims for benefits were denied. (Tr. 21-23).

In his brief, the plaintiff does not raise any issues concerning the lack of restrictions related to a physical condition and this appears wise. Fields indicated that he stopped work based on a non-physical condition when he filed for benefits (Tr. 73), but did mention "stomach problems" (Tr. 76), chest pain and blurred vision (Tr. 91). Hospital emergency room records from September, 2003 and January, 2004 indicate that the plaintiff merely sought prescription refills (Tr. 132, 136); on the former visit, his chest was clear and a chest x-ray negative (Tr. 136) and on the latter visit the plaintiff had "no complaints and doesn't want to be examined" (Tr. 132).[1] Progress notes from a treating source from March, 2000 through May, 2003 indicate

---

[1]The plaintiff had sought treatment several times for chest pain. In 2002 an EKG had been normal (Tr. 156) and the plaintiff was told to return to his job "lifting" in one day (Tr. 157).

7

periodic treatment for colds, sore throats, earaches and so forth with no suggestion

of specific limitations (Tr. 98-100).  Medical records from the same clinic in 1999

indicate that the plaintiff was hoping to try out for the high school basketball, football

and track teams.  (Tr. 103).  Finally, a medical reviewer concluded that Fields'

physical complaints amount to less than "severe" impairments.  (Tr. 182).

The plaintiff does argue that the ALJ did not properly address/analyze the

mental functional capacity opinions of Medical Reviewer Thompson Prout and

Examiner William Rigby.  The hypothetical mental factors addressed to the VE were

(1) a need to avoid having to maintain attention and concentration for extended

periods, (2) an ability to work better in a job that does not require interaction with the

general public, (3) an ability to handle simple, routine tasks but a "poor" ability to

carry out detailed instructions, and (4) a need to have few changes in the work

setting.  (Tr. 259-260).  Examiner Rigby, however, described only a "fair" ability to

relate to others, such as fellow workers and supervisors" (Tr. 111) and noted the only

WRAT findings of record were consistent with fourth grade mathematic ability and

eighth grade level reading (Tr. 109),[2] in contrast to the restrictions cited above and

the "GED" incorporated by reference into the question (Tr. 259).  Rigby was the only

mental health examiner to express an opinion about the plaintiff's mental restrictions

---

[2]This is somewhat consistent with achievement testing in school showing a mathematics composite score at less than the national percentile level of 25 and language composite score at less than the 50 percent level (Tr. 207) and eighth grade scores suggesting even less mathematical achievement vis-a-vis other Kentucky students (Tr. 208).

Fields

and, while the agency medical reviewers were <u>aware</u> of the report (Tr. 126), it is not entirely clear why each of the portions of the form referring to coworkers or supervisors was indicated to be "not significantly limited" (Tr. 128-129, 178-179) despite the examiner's more pessimistic assessment. See <u>Barker v. Shalala</u>, 40 F.3d 789, 794 (6th Cir. 1994).[3]

Neither was the hypothetical framed with all the restrictions cited by the medical reviewers. Thompson Trout noted a moderate limitation in the ability to travel in unfamiliar places or use public transportation (Tr. 128) and, in commentary, referred to "straightforward, even-paced tasks" in "lower social demand, familiar situations" (Tr. 130) which is somewhat differently worded than the hypothetical question. Thus, his opinion can not necessarily support the agency decision for several reasons.

The case will be remanded for further consideration.

This the ___/6___ day of August, 2006.

G. WIX UNTHANK
SENIOR JUDGE

---

[3]While Rigby's citation of an overall GAF consistent with mild symptoms may well mean that the plaintiff was not psychologically <u>disabled</u>, it does not follow that there were not specific limitations. Since the greatest specific limitation cited by the examiner was a "fair" ability to perform certain tasks (including relating to fellow workers and supervisors), it would follow that this was <u>at least</u> a mild limitation. No explanation was given by the medical reviewers to the contrary.